IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH HUERTA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:07-CV-415-Y |
| | § | |
| GINNY VAN BUREN, WARDEN, | § | |
| FMC-CARSWELL, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. Parties

Petitioner Elizabeth Huerta, Reg. No. 01583-027, is a federal prisoner incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Ginny Van Buren is Warden of FMC-Carswell. No service has been issued upon Respondent.

C. PROCEDURAL HISTORY

In 1999, Huerta was convicted on drug related charges in the United States District Court for the Northern District of Indiana, Hammond Division, and, in 2000, she was sentenced to two terms of 235 months' confinement. *See* CM/ECF, Criminal Docket for Case # 2:99-CR-103-JTM, docket entries for October 28, 1999 & March 29, 2000. To no avail, Huerta appealed her convictions and she has sought postconviction relief, including two prior petitions for writ of habeas corpus pursuant to § 2241 in this court. The first was dismissed for lack of prosecution, and the second summarily dismissed as frivolous. *Id.*, Civil Docket for Case # 4:06-CV-878-Y, docket entries for February 15, 2007; Civil Docket for Case # 4:07-CV-258-A, docket entries for May 3, 2007. Huerta filed this petition under § 2241, raising the same or similar claims, on July 12, 2007.

D. DISCUSSION

Huerta seeks discharge from her confinement on the grounds that various federal laws, under which she was convicted and/or sentenced, were not duly enacted by Congress. To the extent Huerta is attempting to collaterally attack her federal convictions or sentences, her claims are not cognizable in a petition for writ of habeas corpus brought pursuant to § 2241. Typically, 28 U.S.C. § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Evans v. Jeter*, 215 Fed. Appx. 374, 375 (5th Cir. 2007) (not designated for publication in the Federal Reporter). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). If Huerta's claims involve a collateral attack on her convictions and/or sentences, they must be asserted in a § 2255 motion, and the only court with jurisdiction to determine such a motion is the convicting court, *i.e.,* the Hammond Division of the Northern District of Indiana. Thus, the instant petition under § 2241

should be dismissed with prejudice.[1]

## II. RECOMMENDATION

It is recommended that this petition for writ of habeas corpus under § 2241 be dismissed with prejudice for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 9, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

---

[1] It is recognized that § 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of [her] detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Huerta did not filed a § 2255 motion in the convicting court nor has she alleged or demonstrated that, based on a retroactively applicable Supreme Court decision, she was convicted of a nonexistent offense, or that her claims were foreclosed by circuit law at the time of her trial or appeal. Thus, Huerta has failed to make the requisite showing to invoke the § 2255 savings clause.

3

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 9, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 19, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE